FILED
September 07, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003752925

5

Benjamin H. Adams (CA SBN 272909)
badams@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Deutsche Bank National Trust Company,, as Trustee for Long Beach Mortgage Loan Trust 2005-1

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>**RAINN M. GAUNA,**<br><br>Debtor. | Case No. 11-34707<br><br>Chapter 13<br><br>Doc Co No: PD-1<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br><u>Hearing:</u><br>DATE:   October 10, 2011<br>TIME:    2:00 PM<br>CTRM:  Robert T. Matsui US Courthouse<br>             501 "I" Street, Dept E, Ctrm 33<br>             6th Floor<br>             Sacramento, CA |

Deutsche Bank National Trust Company,, as Trustee for Long Beach Mortgage Loan Trust 2005-1[1] (hereinafter "Creditor"), secured creditor of the above-entitled debtor, Rainn M. Gauna (hereinafter "Debtor"), hereby objects to the Debtor's Chapter 13 Plan filed in the above-referenced matter. The basis of the objection is stated below:

/././

/././

/././

---

[1] This Objection shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

# I.

## **STATEMENT OF FACTS**

1. On or about September 14, 2004, Rainn Gauna ("Borrower"), for valuable consideration, made, executed and delivered to Long Beach Mortgage Company ("Lender") a Promissory Note in the principal sum of $168,800.00 (the "Note"). Pursuant to the Note, Borrower is obligated to make monthly principal and interest payments. A copy of the Note is attached to the Exhibits as **Exhibit A** and incorporated herein by reference.

2. On or about September 14, 2004, Borrower made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in certain real property located at 369 Mill Street, Grass Valley, California 95945 (hereinafter, the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on September 23, 2004 in the official records of Nevada County, State of California. A copy of the Deed of Trust is attached to the Exhibits as **Exhibit B** and incorporated herein by reference.

3. Subsequently, all interest in the Deed of Trust was sold, assigned, and transferred to Creditor. A copy of the Corporation Assignment of Deed of Trust is attached to the Exhibits as **Exhibit C** and incorporated herein by reference.

4. On or about June 13, 2011, Debtor filed a Chapter 13 bankruptcy petition and were assigned bankruptcy case number 11-34707.

5. On or about June 13, 2011, Debtor filed her Chapter 13 Plan of Reorganization ("Plan"). The Debtor's Plan proposes to reduce Creditor's claim to $80,000.00, the alleged fair market value of the Subject Property. In addition, the Plan states that the Debtors shall make monthly payments for "30+ years" at 20% interest.

Creditor now submits its Objection to the Debtors' Chapter 13 Plan.

/./././
/./././
/./././
/./././
/./././

## II.

## ARGUMENT

A.  **THE DEBTOR'S PLAN PROPOSES TO MODIFY THE RIGHT OF A CLAIM SECURED ONLY BY THE DEBTOR'S PRINCIPAL RESIDENCE**

11 U.S.C. §1322(b)(2) provides that a plan may modify the rights of holders of secured claims, other than a claim secured only be a security interest in real property that is the debtor's principal residence. 11 U.S.C. § 506(a) provides that an allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property.

The Debtor's Plan proposes to reduce Creditor's allowed claim to a secured value of $80,000.00. However, the Debtor is prohibited from modifying Creditor's claim because Creditor is informed and believes that the Subject Property is the Debtor's principal residence. The Debtor's bankruptcy petition lists the Subject Property as the Debtor's Street Address and the Subject Property is listed as the Debtor's primary residence on Debtor's Schedule A. Further, the Subject Property is the only real property listed on Schedule A and the Debtor's Statement of Financial Affairs fails to list any prior addresses for the previous three (3) years. Additionally, the Debtor's Schedule I and Statement of Financial Affairs state that the Subject Property is not generating rental income and the Debtor's Schedule G fails to list a residential lease agreement to indicate that the Subject Property is occupied by a tenant. Moreover, the Debtor's Deed of Trust explicitly requires the Debtor to occupy the Subject Property as his principal residence for at least one (1) year. Specifically, the Deed of Trust provides in pertinent part:

> **"Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy."** See, **Exhibit B**, ¶ 6.

As it appears that the Subject Property was the Debtor's principal residence at the time of execution of the loan documents and at the time of the bankruptcy petition date, section 1322(b)(2) of the Bankruptcy Code prohibits the Debtor from modifying the terms of Creditor's

claim. Based upon the foregoing, Creditor requests that the Court deny confirmation of the Debtor's Plan.

B. **EVEN ASSUMING ARGUENDO THAT THE SUBJECT PROPERTY IS NOT THE DEBTOR'S PRINCIPAL RESIDENCE, DEBTOR HAS FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUBSTANTIATE THE VALUATION OF CREDITOR'S CLAIM AND CREDITOR REQUESTS AN OPPORTUNITY TO OBTAIN A VERIFIED APPRAISAL**

11 U.S.C. §1322(b)(2) provides that a plan may modify the rights of holders of secured claims, other than a claim secured only be a security interest in real property that is the debtor's principal residence. 11 U.S.C. § 506(a) provides that an allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property.

The Debtor's Plan proposes to reduce Creditor's secured claim to a secured value of $80,000.00. However, the Debtor has failed to file evidence such as a recent broker's price opinion or appraisal report to substantiate her valuation and Creditor has reason to believe that the true value of the Subject Property is significantly greater than the Debtor's valuation. Further, the Debtor has failed to file a Motion to Value Collateral or similar motion to determine the value of the Subject Property. As the value of the Subject Property is a factual issue that will likely require the admission of expert testimony, Creditor requests that this matter be continued so Creditor can obtain a verified appraisal of the Subject Property. Moreover, Creditor requests the cooperation of the Debtor in permitting it to obtain a verified appraisal of the Subject Property as it will require access to the Subject Property to conduct an interior inspection. Based upon the foregoing, Creditor requests that the Court deny confirmation of the Debtor's Plan or, alternatively, continue the matter to allow Creditor time to obtain a verified appraisal of the Subject Property.

/././
/././
/././
/././

C. **THE DEBTOR'S PLAN FAILS TO PAY CREDITOR'S CLAIM IN FULL OVER THE LIFE OF THE PLAN AND DEBTOR HAS FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUBSTANTIATE THE VALUATION OF CREDITOR'S CLAIM**

11 U.S.C. § 506(a)(1) provides in pertinent part:

> [a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest...is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property...and is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim.

Section 506 of the Bankruptcy Code establishes that a secured creditor's claim is to be divided into secured and unsecured portions, with the secured portion limited to the value of the collateral. <u>Associates Commercial Corp. v. Rash</u>, 520 U.S. 953 (1997). Although Section 506 determines the amount of a secured claim, the treatment of a bifurcated claim in a case filed under chapter 13 of the Bankruptcy Code is governed by Section 1325(a)(5), which governs lien retention.

Section 1325(a)(5)(B)(i) of the Bankruptcy Code requires that the lien securing a claim provided for under a plan must be retained until the earlier of payment of the underlying debt or discharge under Section 1328 of the Bankruptcy Code. <u>See</u> 11 U.S.C. § 1325(a)(5)(B)(i)(I). A plan must provide that a lien securing such a claim shall be retained pursuant to nonbankruptcy law if the case is dismissed or converted. <u>See</u> 11 U.S.C. § 1325(a)(5)(B)(i)(II). Further, if a plan calls for payments to a secured creditor, those payments shall be in ***equal monthly amounts***. <u>See</u> 11 U.S.C. §1325(a)(5)(B)(iii)(I). (emphasis added). Pursuant to Ninth Circuit precedent, when a "chapter 13 debtor proposes to reduce the monthly payments to [a] secured creditor, the loan ***must be paid in full over the life of the plan*** (which may not exceed five years)." <u>In re Enewally</u>, 368 F.3d 1165, 1171 (9th Cir. 2004). (emphasis added). Further, Section 1322 of the Bankruptcy Code states that payments through a Chapter 13 Plan may not exceed five (5) years.

In the present case, the Debtor's Plan proposes to value the Subject Property at $80,000.00 and make three hundred sixty (360) equal monthly payments at 20.00% interest. However, as indicated above, the Debtor's Chapter 13 Plan may not exceed five (5) years and

binding Ninth Circuit precedent requires the Debtor to pay Creditor's loan in full over the life of the Plan. Based upon the foregoing, Creditor requests that confirmation of the Debtor's Plan be denied.

F.  **FEASIBILITY**
11 U.S.C. § 1325(a)(6); 11 U.S.C. § 1322(d); 11 U.S.C. § 1322(b)(2)

Pursuant to 11 U.S.C. section 1325(a)(6), a Court shall not confirm a plan unless the debtor will be able make all payments under the plan. Debtor's Schedule J indicates that the Debtor has disposable income of $107.00. However, Debtor will have to increase her monthly payment by $1,333.33 to pay Creditor's loan in full over the life of the Plan, suggesting the Debtor has insufficient monthly income to fund the Plan and remain current on Creditor's fully secured claim. Based upon the foregoing, confirmation of the Debtor's Plan must be denied.

**WHEREFORE**, Creditor respectfully requests:

1. That confirmation of the Debtor's Chapter 13 Plan be denied;

2. That Creditor be allowed to complete an appraisal of the Subject Property prior to the confirmation of the Debtor's Chapter 13 Plan;

3. Alternatively, that the Plan be amended to reflect that Creditor maintains a fully secured claim;

4. For such other and further relief as this court deems just and proper.

Respectfully submitted,

PITE DUNCAN, LLP

Dated: August 26, 2011                /s/ Benjamin H. Adams (CA SBN 272909)
                                       BENJAMIN H. ADAMS
                                       Attorney for DEUTSCHE BANK NATIONAL
                                       TRUST COMPANY