FILED
September 21, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003783549

3

DAVID P. CUSICK, #160467, TRUSTEE
NEIL ENMARK, #159185, attorney for Trustee
TALVINDER S. BAMBHRA, #230907, attorney for Trustee
P.O. Box 1858
Sacramento, California 95812-1858
(916) 856-8000

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| IN RE: | Case No: 11-34707-E-13C |
| | DCN: NLE-1 |
| RAINN M. GAUNA, | TRUSTEE'S OBJECTION TO CONFIRMATION |
| | DATE: OCTOBER 18, 2011 |
| | TIME: 2:00 P.M. |
| | JUDGE: SARGIS |
| Debtor(s) | COURTROOM: 33 |

DAVID P. CUSICK, TRUSTEE, objects to confirmation of the Debtor(s) plan and does not recommend its confirmation.

The Trustee objects to confirmation as:

1. The Debtor is $1,000.00 delinquent in plan payments to the Trustee to date and the next scheduled payment of $1,000.00 is due on September 25, 2011. The Debtor has paid $0.00 into the plan to date.

1

The case was filed on June 13, 2011, and the Plan in §2.01 calls for payments to commence the 25th day of the month beginning the month after the case was filed.

2. The Debtor has failed to provide the Trustee with proof of income for the 60 days preceeding filing of their bankruptcy. 11 USC § 521(e)(2)(A); FRBP 4002(b)(3). This is required **7 days before** the date set for the first meeting, 11 U.S.C. § 521(e)(2)(A)(i).

3. The Debtor has failed to provide the Trustee with a tax transcript or a copy of his/her Federal Income Tax Return with attachments for the most recent pre-petition tax year for which a return was required, specifically, the 2010 Tax Return. 11 U.S.C. § 521(e)(2)(A); FRBP 4002(b)(3). This is required **7 days before** the date set for the first meeting, 11 U.S.C. § 521(e)(2)(A)(i).

4. It appears that the Debtor cannot make the payments required under 11 U.S.C. § 1325(a)(6).

    a. The Debtor's projected disposable monthly income listed on Schedule J is $107.00 and the Debtor proposes a plan payment of $500.00.

    b. Debtors Schedule J does not reflect a monthly expense for Property Tax or Property Insurance. Nor does it indicate that the expenses are included in Debtor's ongoing mortgage payments in Class 1.

5. The Debtor's plan payment is insufficient to fund the plan. In Class 1 of the Plan, Debtor list ongoing mortgage payments to Chase Bank in the amount of $1,200.00, however, Debtor proposes a plan payment of only $500.00 per month.

6. The Plan may not comply with applicable law, 11 U.S.C.§ 1325(a)(1).

    a. The Debtor's fail to complete section 6.01 of the plan, the section is left blank.

    b. The plan does not provide a dividend to unsecured creditors, it does not state

0% but has left the dividend blank, failing to designate a treatment for claims of a particular class under 11 U.S.C. §1322(a)(3). Failure to provide a treatment may result in a failure to discharge unsecured debts under 11 U.S.C. §1328(a).

      c. Debtor's Plan proposes to pay interest on arrears to Chase Bank in Class 1, however, this creditor may not be entitled to interest under 11 U.S.C. § 1322(e).

      d. Debtor's plan also fails to propose a monthly dividend toward mortgage arrears in Class 1.

    7. Debtor has improperly classified the claim for Chase Bank 2nd Deed of Trust as Class 1 in the plan. Although Debtor has failed to list the creditors on Schedule D, it appears that the 2nd Deed of Trust held by Chase Bank is secured by real property at 369 Mill St, Grass Valley, CA. The balance owed on the 1st Deed of Trust exceeds the value of the property, See Section 7.01 of Debtor's Plan, Court Docket #24, filed July 25, 2011. The claim of Chase Bank for the 2nd Deed of Trust should be in Class 2 and a motion to value should be filed.

    8. The Debtor's Plan may fail the Chapter 7 liquidation analysis under 11 U.S.C. §1325(a)(4). The Debtor's non-exempt equity totals $7,487.00 and the Debtor has failed to propose a dividend to unsecured creditors. Therefore, the Trustee is unable to determine whether the plan passes the liquidation analysis.

WHEREFORE the movant prays that the Court enter an order denying confirmation of the Debtor(s) plan, and an order dismissing the case if a new plan is not filed within a reasonable time.

Dated: SEPTEMBER 21, 2011

_____
NEIL ENMARK, Attorney for Trustee